

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## · AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 17, 1939


Honorable Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas


Dear Sir:          Opinion No. O-646
                   Re:  Interpretation of Section
                        3, Subdivision 5, of the
                        Teacher Retirement Act.

          We are in receipt of your letter of April 14,
1939, in which you request the opinion of this department
upon the following questions:

          "(1)  What is the date upon which the
     Teacher Retirement Act became effective as
     applied to Section 3, Subsection 5, of the
     Teacher Retirement Act?

          "(2)  Can a person be considered as be-
     coming a teacher as applied in Section 3,
     Subsection 5, of the Teacher Retirement Act
     if during the summer months he secures a
     contract, either oral or written, with a
     public school that calls for his services
     to begin as soon as that school opens for
     the next regular school term?

          "(3)  In case there is doubt as to
     what should be considered the effective
     date as applied to Section 3, Subsection
     5, would it be within the power of the
     Board of Trustees of the Teacher Retire-
     ment System to pass upon the matter, and,
     if so, what limitations would the Board
     have to observe in naming the date?

"(4) If there is doubt as to whether or not a person has become a teacher if he secures a contract to teach during the summer as soon as the employing school opens its next regular school term, would it be within the power of the Board of Trustees of the Teacher Retirement System to pass upon that point?"

Section 3, Subsection 5, of the Teacher Retirement Act (Acts of Forty-Fifth Legislature, 1937, chap. 470, p. 1178) provides as follows:

"Anyone who has taught in the State of Texas in accordance with the terms of this Act, but who is not in service during the year in which the Act becomes effective, shall, if he becomes a teacher within two (2) years of the date on which this Act becomes effective, and if he continues as such for a period of five (5) consecutive years, be entitled to receive credit and resulting benefits for prior service as provided for in this Act."

Section 2 of the Teacher Retirement Act contains the following provision:

"* * *The Retirement System so created shall be established as of July 1, 1937."

Section 1 provides, in part, as follows:

"Definition: The following words and phrases as used in this Act unless a different meaning is plainly required by the context shall have the following meanings:

"(3) 'Teacher' shall mean a person employed on a full-time, regular salary basis by boards of common school districts, boards of independent school districts, county school boards, Retirement Board of Trustees, State Board of Education and State Department of Education, boards of

regents of colleges and universities, and any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. In all cases of doubt, the Retirement Board of Trustees, hereinafter defined, shall determine whether a person is a teacher as defined in this Act. A teacher shall mean a person rendering service to organized public education in professional and business administration and supervision and in instruction, in public schools as defined in subsection (2) of this section.

"(8) 'Service' shall mean service as a teacher as described in Subsection (3) of this section.

"(25) 'School Year' shall mean the year beginning on or about September 1st and ending on or about August 31st."

Section 15 of the Teacher Retirement Act provides as follows:

"The importance of this measure to the people thereof, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be, and the same is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Article III, Section 39, of the Texas Constitution provides:

"No law passed by the Legislature, except the General Appropriation Act, shall take effect or go into force until ninety (90) days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a

preamble or in the body of the Act, the
Legislature shall, by a vote of two-
thirds of all the members elected to
each House, otherwise direct; said vote
to be taken by yeas and nays, and enter-
ed upon the Journal."

The note at the end of this Act appearing at page
1197 of the General and Special Laws of Texas, 1937, Regu-
lar Session, shows that this Act was finally passed by the
House in adopting a Conference Committee Report on May 20,
1937, by a vote of 115 yeas, 6 nays; and passed by the Sen-
ate by the adoption of a Conference Committee Report on May
21, 1937, by a vote of 27 yeas and 1 nay. It is also indi-
cated that this Act was approved June 9, 1937.

For various purposes three dates are of import-
ance in construing this Act. That is, June 9, 1937, the
date upon which the Act as an enactment of the Legislature
became effective; July 1, 1937, the date as of which the
Retirement System was established; and September 1, 1937,
being the beginning of the first school year, the date up-
on which certain provisions of the Act became operative.

When referring to these various dates, the Legis-
lature by apt language in many instances specifically indi-
cated the date which was intended. For example see Section
5, Subdivision 1, which provides that "all persons who are
teachers on the date as on which the Retirement System is
established shall become members as of that date, etc."
Ordinarily when referring to September 1 the Act speaks of
the "beginning of the school year, 1937-1938", or some sim-
ilar expression. We recognize that in some instances the
Act may merely refer to the term "year", or some other term
which, when taken together with its context, may create
some ambiguity or doubt, but in Section 3, Subsection 5,
where the Act refers to "the date on which this Act becomes
effective" we do not think that in this instance the context
plainly requires a different meaning than that expressed.

In answer to your first question you are, there-
fore, advised that the date upon which Senate Bill No. 47
became effective, as that term is used in Section 3, Sub-
section 5, was June 9, 1937. Our answer to this question
renders it unnecessary to answer the third.

In your second question you apparently assume
that it might be the opinion of this department that the

Act became effective within the provisions of Section 3, Subsection 5, on September 1, 1937, and in order to specifically dispose of the problem you have in mind we will assume that a teacher secured a contract prior to June 9, 1939, with a public school that calls for his services to begin as soon as that school opens for the next regular school term.

Referring to Section 1, Subsection 3, we note that there are two requirements set out in the definition of a teacher. One of these requirements is that "teacher" shall mean a person employed upon a full time, regular salary basis; and, second, that a "teacher shall mean a person rendering service to organized public education in professional and business administration and supervision, and in instruction, in public schools, as defined in Subsection 2 of this Section." We do not think that "rendering service to organized public education", etc., was intended to mean that in order to be a teacher, as defined in this Act, that the person would necessarily have to be at that time actually engaged in such service, but rather that this provision is descriptive of the type of work necessary to be performed to qualify as a teacher. This construction becomes more evident when various sections of the Act are considered, such as Section 3, Subsection 1, which provides that all persons who are teachers on the date as of which the Retirement System is established shall become members, because it is quite evident that it was intended by such section to reach every person engaged in the profession of a teacher, when, in fact, the date upon which the System was established was July 1, and as a matter of common knowledge very few teachers were actually engaged in rendering the service defined at that time.

We can think of many instances which may raise serious questions as to whether a person who is fully qualified to teach has actually been employed as a teacher so as to be entitled to the benefits of Section 3, Subsection 5. In such cases of doubt we think that Section 1, Subsection 3, places it within the discretion of the Retirement Board of Trustees to determine whether such person is a teacher as defined in this Act.

In answer to your second and fourth questions, it is our opinion that the Retirement Board of Trustees may determine whether a person has been employed as a teacher as contemplated by Section 3, Subsection 5, of

the Teacher Retirement Act prior to June 9, 1939, subject to the limitation, however, you should recognize as a teacher a person who has secured a bona fide written contract prior to June 9, 1939, that calls for his services to begin as soon as that school opens for the next regular school term.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:FG

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN